# DENNEY *v.* DENNEY.

[No. 5,965.   Filed December 17, 1907.]

1. CONTEMPT.—*New Trial.—Appeal.*—Under §§1023, 1025 Burns 1901, §§1011, 1013 R. S. 1881. the defendant, in cases of direct or indirect contempt, may move for a new trial, file bills of exceptions, and appeal, as in criminal cases.  p. 681.

2. APPEAL.—*Assignments of Errors.—New Trial.—Contempt.*—Independent assignments on appeal, which should be made grounds for a new trial, in a case of direct contempt, present no questions. p. 682.

From Huntington Circuit Court; *James C. Branyan,* Judge.

Proceeding by Anna W. Denney against George E. Denney.  From a judgment for plaintiff, defendant appeals. *Affirmed.*

*C. W. Watkins,* for appellant.

HADLEY, P. J.—This was an action instituted against appellant for indirect contempt on account of the violation of orders of the court theretofore made in a divorce proceeding. An affidavit was filed setting up the violation of the orders, and asking that appellant be brought before the court and adjudged guilty of contempt.  Appellant was brought before the court by the sheriff, accompanied by his attorney, whereupon he was put on oath and examined by the court, at the conclusion of which examination he was adjudged guilty of contempt.  No objections were made by appellant or his attorney to the form or matter of the affidavit or proceedings, and no exceptions taken to any part thereof except the judgment.  No motion for a new trial or other motion was made assailing the judgment or rulings of the court.

In this state of the record no question is presented here on appeal.  Section 1023 Burns 1901, §1011 R. S. 1881, provides that in cases of direct contempt the defendant, if found guilty, may move that the court grant a new trial and rescission of its judgment against him; and if the court shall thereupon overrule such motion, the defendant

may except and file a bill of exceptions, as in other criminal actions, and in all cases an appeal shall lie thereupon to the Supreme Court. Section 1025 Burns 1901, §1013 R. S. 1881, provides that in cases of indirect contempt the defendant, having appeared, "may except, file a bill of exceptions, and appeal to the Supreme Court in the same manner as in cases of direct contempt."

2. All of the errors assigned are properly grounds for a new trial, and not properly assignable in this court. For the foregoing reasons the judgment is affirmed.